## THEODORE·NASH

### *v.*

## LEITH BREMNER and EDITH BREMNER.

[Submitted January 14th, 1915. Decided January 15th, 1915.]

1. Where a testator makes his will or omits to alter it on the promise of a beneficiary that he will make a certain disposition of the property bequeathed or some part thereof, equity will declare the beneficiary a trustee for the performance of his promise to prevent the statute of wills being used as an instrument of fraud. But to create such a trust in opposition to the terms of the will the testator must communicate his intention to the legatee, the legatee must assent thereto, and the testator must act upon such assent.

2. In a suit to establish a trust in property bequeathed by a testator to his brother, evidence—*Held* sufficient to show that the testator intended that the bequest should be held in trust for a person not named in the will, or that the brother knew of such intention or promised to so hold the bequest.

*Mr. Warren Dixon,* for the complainant.

*Mr. William B. Gourley,* for the defendants.

GRIFFIN, V. C.

The bill in this cause is filed by the complainant to obtain a decree declaring the defendant Leith Bremner, her trustee, of a portion of the property bequeathed to him under the fourth paragraph of the will of Robert G. Bremner, deceased, which reads as follows :

"*Fourth.* I hereby give, grant, devise and bequeath to my brother Leith Bremner, now of Richmond, Virginia, all of my right, title and interest in and to the capital stock of the Passaic Herald Printing Company, a body corporate of the State of New Jersey, now publishing the Passaic Daily Herald, and running a printing business at No. 41 Lexington avenue, in the city of Passaic, and all the rights or appurtenances thereto belonging. It is my wish and I hereby direct my said brother Leith Bremner, shall succeed me as manager of said business, and that

as soon as the profits of said newspaper, and printing business at the number aforesaid, shall warrant, it is my will and I hereby direct my executors hereinafter named to pay to my wife, Edith L. Bremner, the sum of thirty-five dollars per week, in lieu of any and all services that she might render in conducting my said newspaper business and in the event of that my said executor and the owners of the controlling stock of the said Passaic Herald Printing Company, should determine to sell and dispose of my said newspaper business, including the real estate and appurtenances thereto belonging, then and in that case, I direct that one-half of the net profits remaining after paying all just debts, shall go to my wife Edith L. Bremner, and the remaining one-half to go to my said brother Leith Bremner, and to be disposed of by him as he may see fit."

The bill also prays an injunction restraining both Leith and Edith L. Bremner, who are the executors under said will, from disposing of the interest bequeathed to Leith under said paragraph. On the filing of the bill an order was granted directing the defendants to show cause why an injunction should not issue according to the prayer of the bill, which order contained a restraint.

The defendants, Leith and Edith, were not made parties as executors, but, on the hearing of the order to show cause, it was consented that the bill might be amended by making them parties in their representative capacities, and that said bill, on the argument, might be treated as amended without prejudice to the restraint. The hearing was thereupon proceeded with.

The bill and supporting affidavits alleged certain facts tending to justify consideration of the complainant at the hands of the testator in the testamentary disposition of his estate, but, by reason of certain circumstances, it was deemed either improper or unwise to pay his alleged obligation to the complainant by direct testamentary gift, and accordingly resort was had to the secret method of bequest to Leith with a promise from him that he would hold the property bequeathed on certain trusts for the benefit of the complainant.

The complainant says she has established this trust in two ways—*first,* by a letter written by the testator to Leith declaring the trusts upon which he should hold the property mentioned in the fourth paragraph of the will, and his acceptance of the terms thereof; *second,* by a conversation had in January, 1914, between the testator and Leith in the presence of the complainant,

shortly before the testator's death, wherein the testator requested, and Leith promised to hold said property on the same terms as those contained in the letter and acceptance above mentioned.

The rule is that where a testator makes his will or omits to alter it on the promise of a beneficiary that he will make certain disposition of the property bequeathed, or some part thereof, equity will declare the beneficiary a trustee for the performance of his promise to prevent the statute of wills being used as an instrument of fraud. *Heinisch* v. *Pennington, 73 N. J. Eq. 456; S. C. on appeal, 75 N. J. Eq. 606; Williams* v. *Vreeland, 32 N. J. Eq. 135; S. C. on appeal, 32 N. J. Eq. 734; Yearance* v. *Powell, 55 N. J. Eq. 577; Duvale* v. *Duvale, 56 N. J. Eq. 375; Carver* v. *Todd, 48 N. J. Eq. 102; Smith* v. *Smith, 54 N. J. Eq. 1, 7; Belknap* v. *Tillotson, 82 N. J. Eq. 271.*

But to create such a trust in opposition to the terms of the will, it was necessary that the testator should have communicated his intention to the legatee, the legatee should have assented to the same, and the testator should have acted upon such assent. *Williams* v. *Vreeland, supra* (at *p. 738*).

As the letter was not produced, and Leith positively swears not only that he never received such letter and never made the promise imputed to him, but that he never knew of complainant's claim until after the death of the testator, and as there is no positive evidence to the contrary, the complainant must fail on her first claim.

As to her second claim of the trust created in January, 1914, her statement going to show the creation of such trust, is flatly contradicted by Leith, whose testimony receives persuasive support from the affidavit of one Speer, who, speaking of a time when he was in the room with the testator and the complainant, about January 27th, 1914, says:

"I was in the room when Robert G. Bremner informed Miss Nash that it was best that she should leave; that he was going to leave the hospital as soon as he could make arrangements. Miss Nash violently objected to this. I also advised her that it would be better for herself that she should leave. She answered that it did not matter to her as her father would have nothing to do with her, anyway. Mr. Bremner told her he was going back with his wife. At this she became very angry and said, 'You know, Bob Bremner, what I can do to you, and I will do it.'"

This conversation does not indicate that at that time the testator was particularly anxious to create a trust for her benefit, but, on the contrary, showed that he feared and was anxious to be rid of her.

There is, therefore, lack of proof of the creation of the second trust.

Throughout the affidavits of the complainant and her witnesses are numerous statements of what the testator had said, tending to show the creation of the trust; but none of these statements possess evidential force, because they were not communicated to Leith, and therefore it is evident that he did not take the bequest on terms other than those contained in the will.

I will advise an order dismissing the order to show cause.